UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MACIEJ PAWELKIEWICZ | ) | CIVIL ACTION NO. |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| THE UNITED TOOL AND DIE COMPANY | ) | |
| | ) | |
| DEFENDANT | ) | NOVEMBER 19, 2021 |

## COMPLAINT

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. Section 13312, because of the violation of the Age Discrimination in Employment Act, 29 United States Code Section 621.  In addition, the Court has supplemental jurisdiction over the plaintiff's state law claims alleging a violation of the Connecticut Fair Employment Practices Act, C.G.S. Section 46a-60 (a)(1), pursuant to 28 U.S.C. Section 1367.

2. This Court has personal jurisdiction over Defendant because it transacts business in the State of Connecticut. The claims for relief asserted herein arise out of Defendant's employment of plaintiff within the State of Connecticut.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391. Defendant regularly conducts business in this District. Defendant is domiciled in Connecticut.

### FIRST COUNT: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 UNITED STATES CODE SECTION 621.

4. The plaintiff, Maciej Pawelkiewicz, is presently 64 years old.  His date of birth is April 4, 1957.

5. He resides in Newington, Connecticut.

6. The Defendant is The United Tool & Die Company which is a precision tool manufacturer located in West Hartford, Connecticut. Defendant employees more than fifteen (15) employees.

7. Plaintiff was employed by United Tool and Die Company beginning on October 7, 1987. Plaintiff was qualified for the position.

8. During plaintiff's tenure, he always performed in a satisfactory manner and received favorable performance reviews. Plaintiff received various promotions.

9. In the Fall of 2016, plaintiff was promoted to Production Manager. He was responsible for managing and overseeing all aspects of the production process. He also served as an account manager communicating with customers on orders and production matters. He was never disciplined or subject to any negative performance reviews in this position.

10. In January of 2020, the Defendant hired a new Chief Operations Officer, Nick Lopes, who was 40 years old.

11. Upon Mr. Lopes commencing work for Defendant, he instructed Mr. Pawelkiewicz to no longer be actively involved in production process.

12. He demoted Mr. Pawelkiewicz' title from Production Manager to Senior Manager of Internal Processes.

13. Mr. Pawelkiewicz' coworker, Gary Guyette, (date of birth 2/2/56) was also demoted by Mr. Lopes from General Manager to Senior Manager of Outside Processing.

14. Once Mr. Lopes became Chief Operations Officer, Mr. Pawelkiewicz and Mr. Guyette were excluded from production meetings and were no longer involved in any decisions about production.

15. Mr. Lopes began hiring a number of new employees, Merita, Mike, Jacob, Adam and Chris, who were all in their thirties and much younger than Mr. Pawelkiewicz and Mr. Guyette. Their duties were then transferred to these younger, less experienced employees.

16. After demoting Mr. Pawelkiewicz transferring his job duties to younger employees, excluding him from production meetings and product decisions, and taking over his office, Mr. Lopes would essentially ignore him in the workplace, which he believes was essentially done with the intent to get Mr. Pawelkiewicz to quit.

17. Despite continued efforts by Mr. Lopes to marginalize Mr. Pawelkiewicz role in the company due to his age, plaintiff refused to quit as he needed his job, company benefits and vehicle. He planned to continue to work until age 70.

18. On July 24, 2020, Mr. Pawelkiewicz' coworker, Gary Guyette and Mr. Pawelkiewicz were called into a meeting with Nick Lopes and Michelle Gara from human resources. They were told that our employment was being terminated due to lack of work. They were given a termination notice which also stated, "lack of work" as the reason for termination. This made absolutely no sense and was false because the company had plenty of work.

19. Plaintiff charges Defendant, The United Tool and Die Company, with age discrimination based upon the following:

    a.    A significantly younger individual, Nick Lopes, was hired in January 2020 and he immediately made the decision to demote Mr. Pawelkiewicz, take over his office, and transfer virtually all of his job duties and functions to significantly younger (under 40 years of age) new employees that he hired.

    b.    Mr. Lopes also excluded Mr. Pawelkiewicz from production meetings and production decisions he had always been part of in an effort to artificially create a "lack of work" for him.

    c.    Mr. Lopes treated Mr. Pawelkiewicz' coworker Gary Guyette, who was virtually the same age as him, in the same way, by demoting him, transferring his job duties to younger employees, excluding him from production meetings, and then terminating him for a so-called lack of work; and

    d.    By falsely stating that a lack of work was the reason for termination when in fact, the company had plenty of work, and continued to hire after Mr. Pawelkiewicz' termination.

20.    Mr. Pawelkiewicz' termination because of his age was discriminatory in the Age Discrimination in Employment Act, 29 United States Code Section 621.

21.    As a direct and proximate result of Defendant's age discrimination, plaintiff suffered and sustained significant damages including: lost wages, front pay, loss of benefits, loss of company vehicle, loss of retirement benefits, emotional distress, and attorney's fees.

22. Plaintiff filed an administrative complaint with the CHRO and EEOC on January 11, 2021. Plaintiff requested and received a release of jurisdiction from the CHRO on August 25, 2021 and from the EEOC on October 25, 2021. Plaintiff has filed suit within 90 days of the release of jurisdiction.

**SECOND COUNT: VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, C.G.S. SECTION 46A-60(A)(1)**

1-22. Incorporate paragraphs from 1-22 of the First Count.

23. Mr. Pawelkiewicz' termination because of his age is discriminatory in violation of the Connecticut Fair Employment Practices Act, C.G.S. Section 46(a)(1).

24. As a direct and proximate result of Defendant's age discrimination, plaintiff suffered and sustained significant damages including: lost wages, front pay, loss of benefits, loss of company vehicle, loss of retirement benefits, emotional distress, and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff seeks the following relief:

a) An award of back pay lost wages;

b) An award of front pay lost wages;

c) Damages for loss of benefits;

d) Damages for embarrassment, mental distress and suffering;

e) Attorney's fees;

f) Punitive damages;

g) Liquidated damages for willful discrimination;

h) Prejudgment interest;

i) Costs; and such other relief that may be appropriate under Federal law.

THE PLAINTIFF:
MACIEJ PAWELKIEWICZ


By /s/Kevin J. Greene
  Kevin J. Greene of
  HALLORAN & SAGE LLP
  225 Asylum Street
  Hartford, CT 06103
  Fed. Bar #ct 16742
  Phone: 860.297.4670
  Fax:    860-548-0006
  greene@halloransage.com
  Its Attorneys
